**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC D. MONTOYA,<br><br>　　Plaintiff<br><br>v.<br><br>K. MATTICE-HARRIS, et al.,<br><br>　　Defendants | Case No.: 3:22-cv-00558-ART-CSD<br><br>**Order**<br><br>**Re: ECF Nos. 14, 15** |

　　Before the court are Plaintiff's motions seeking leave to file a supplement to his complaint. (ECF Nos. 14, 15.)

　　On January 23, 2023, the court issued an order screening Plaintiff's complaint, and allowed him to proceed with: (1) a Fourteenth Amendment due process claim against Mattice-Harris, Hughes, and Hartman, based on allegations that he was placed in administrative segregation (ad-seg) and went approximately eight months without any review; (2) a Fourteenth Amendment claim against Nurse Megan based her alleged disclosure of his private medical information; and (3) an Eighth Amendment deliberate indifference to serious medical needs claim against Long-Smith and Borie based on allegations that they ignored his need for medical treatment after having a seizure. (ECF No. 3.)

　　The Attorney General's Office accepted service on behalf of defendants Leah Bories, Krista Harris (mistakenly named as Mattice-Harris), Robert Hartman, Nathan Hughes, and Megan Penneau, but was unable to identify an employee by the name of Long-Smith. (ECF No. 13.)

On June 1, 2023, Plaintiff filed a "motion to grant supplemental pleading" (ECF No. 14.) Plaintiff states that following the filing of his complaint and three days after issuance of the screening order, Hartman and Hughes convened a full classification hearing where Hartman attempted to declare Plaintiff as having Security Threat Group (STG) status to keep him in ad-seg indefinitely. Correctional Officer Hicks, who was on the panel, said he did not have a file on Plaintiff being a Sureño or associated with STG status in Nevada, and Caseworker Adams said that Plaintiff was recognized and validated as New Mexico syndicate. Plaintiff claims it is widely known, and he made clear to the panel, that he has been on inactive status and "retired" since 2013. Plaintiff claims he has requested his classification results several times, but Adams ignored his requests and no hearings have been conducted. He claims that Hartman and Hughes ordered that Plaintiff would "just stay in segregation until whenever, we'll think on it."

Plaintiff has continued to ask Adams for an ad-seg hearing, but he has not received a response. Adams has also denied Plaintiff the ability to have the essential case notes in his I-File.

Next, Plaintiff asserts that on January 10, 2023, a correctional officer slide a third level grievance response from Associate Warden Henley into Plaintiff's cell. The response reject the grievance. He claims that Associate Warden Henley knew of his ad-seg status and allowed the due process violations to occur.

He seeks to add Caseworker Adams and Associate Warden Henley as Defendants in this action.

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the

original complaint was filed." *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). Rule 15(d) also provides a mechanism by which persons "participating in these new events may be added if necessary." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible." *William Inglis & Sons Baking Co. v. ITT Con'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981). Leave to permit supplemental pleadings is favored when it serves to promote judicial efficiency." *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Whether to allow a supplemental pleading is within the discretion of the court. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 (9th Cir. 2017).

Defendants did not oppose Plaintiff's motion; therefore, the motions for leave to file a supplemental complaint (ECF Nos. 14, 15) are **GRANTED**. *See* LR 7-2(d). Plaintiff has up to and including **September 5, 2023**, to file and serve the supplement to his complaint, which is limited to asserting the Fourteenth Amendment due process claims against Adams and Henley. Within **14 days** of being served with the supplement, the Attorney General's Office shall advise the court whether it will accept service for Adams and Henley, and if it cannot accept service for either defendant, file a last known address under seal.

**IT IS SO ORDERED**.

Dated: August 15, 2023

_____
Craig S. Denney
United States Magistrate Judge

3