# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ERIC D. MONTOYA,

     Plaintiff

v.

K. MATTICE-HARRIS, et al.,

     Defendants

Case No.: 3:22-cv-00558-ART-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 29

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for leave to amend and proposed second amended complaint. (ECF No. 29.) Defendants filed a non-opposition indicating they do not oppose the court accepting the proposed second amended complaint as the operative complaint; however, they ask the court to screen the second amended complaint, and if the court "construes the motion in another fashion," they reserve the right to object. (ECF No. 30.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. On January 23, 2023, the court issued an order screening Plaintiff's complaint, and allowed him to proceed with: (1) a Fourteenth Amendment due process claim against Mattice-Harris, Hughs and Hartman, based on allegations Plaintiff was placed in administrative segregation (ad-seg) and went approximately eight months without any review; (2) a Fourteenth Amendment claim against Nurse Megan

based on her alleged disclosure of his private medical information; and (3) an Eighth Amendment deliberate indifference to serious medical needs claim against Long-Smith and Borie based on allegations they ignored his need for medical treatment after having a seizure. (ECF No. 3.)

The Attorney General's Office accepted service on behalf of Leah Bories, Krista Harris (mistakenly named as Mattice-Harris), Robert Hartman, Nathan Hughes, and Megan Penneau, but he was unable to identify an employee by the name of Long-Smith. (ECF No. 13.)

On June 1, 2023, Plaintiff filed a "motion to grant a supplemental pleading." He stated that after the filing of his complaint, Hartman and Hughes convened a full classification committee hearing where Hartman attempted to declare Plaintiff as having Security Threat Group status to keep him in ad-seg indefinitely. Correctional Officer Hicks, who was on the panel, said he did not have a file on Plaintiff being associated with a security threat group in Nevada, and Caseworker Adamas said Plaintiff was recognized as validated with a New Mexico syndicate of a security threat group. Plaintiff claims it is widely known, and he made clear to the panel, that he has been on inactive status and "retired" from the security threat group since 2013. He avers that he requested his classification results several times, but Adams ignored his requests and no hearings were conducted. He claims that Adams has also denied him the ability to have the essential case notes in his I-File. He also claims that Associate Warden Henley knew of his ad-seg status and allowed the due process violations to continue. He requested to file a supplemental complaint adding Caseworker Adams and Associate Warden Henley as a defendant. (ECF No. 14.)

Defendants did not oppose the motion. The court granted the motion and gave Plaintiff until September 5, 2023, to file and serve his supplemental complaint, which was limited to

asserting the Fourteenth Amendment due process claims against Adams and Henley. (ECF No. 26.)

On August 24, 2023, Plaintiff filed a supplemental complaint against Adams and Henley. (ECF No. 28.) Therefore, this action is currently proceeding on the complaint (ECF No. 4) and the supplemental complaint (ECF No. 28).

On September 1, 2023, Plaintiff filed this motion for leave to amend and proposed second amended complaint. (ECF No. 29.)

## II. DISCUSSION

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

A proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR15-1(a). Plaintiff's proposed amended pleading (which should be a first amended complaint and not a second amended complaint) is not complete in and of itself as it includes only new proposed defendants Director Dzurenda, Offender Management Administrator Whitmer, and Warden Childress-Brietenbach, and not the defendants or allegations included in the original and supplemental complaint.

Defendants did not oppose the motion to the extent the court could recognize the proposed second amended complaint as the operative pleading, failing to recognize that the proposed pleading was not complete and did not include the allegations or parties already proceeding in this action. Nor did they assert any argument opposing adding Dzurenda, Whitmer,

or Childress-Brietenbach as defendants. In the future, defense counsel shall carefully review any proposed amended pleading and, if there are any arguments against amendment, they shall be asserted in a response to a motion for leave to amend. If no so such arguments are asserted, the court will not look favorably on a future motion to dismiss the amended pleading. In other words, if Defendants wish to argue that Plaintiff's proposed amendment is deficient in some manner, including that amendment would be futile because he fails to state a claim upon which relief may be granted or fails to include sufficient allegations against a particular defendant, those arguments should be asserted in response to the motion for leave to amend. It is a waste of the court's resources to review and screen an amended complaint, only to have the defendants subsequently assert an argument that the pleading is deficient in a subsequent motion to dismiss.

Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Even if Plaintiff had filed a complaint that was complete in and of itself, Plaintiff does not state a colorable claim for relief against Dzurenda, Whitmer, or Childress-Brietenbach.

"42 U.S.C. § 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights

deprivation[.]" *Id.* (citations omitted). When an official is sued under 42 U.S.C. § 1983, the inmate "must show that each defendant personally played a role in violating the Constitution." *Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019), *cert. denied sub nom., Smith v. Schwarzenegger,* 140 S.Ct. 159 (2019) ("inmates must show that each defendant personally played a role in violating the constitution."). In addition, "[u]nder section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.'" *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (en banc) (quoting *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)).

"A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Snow,* 681 F.3d at 989 (quoting *Hansen*, 885 F.2d at 646).

The causal connection can include: " 1) [the supervisor's] own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) conduct that showed a reckless or callous indifference to the rights of others." *Lemire v. Cal. Dep't of Corr.*, 726 F.3d 1062, 1085 (9th Cir. 2013) (citations and internal quotation marks omitted).

Plaintiff includes only very vague allegations that these persons were aware of Plaintiff's ad-seg status, which is insufficient to state a claim against them under section 1983. As such, Plaintiff's motion for leave to amend should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for leave to amend (ECF No. 29). This action should proceed with the claims

in the original complaint (ECF No. 4) as identified in the screening order (ECF No. 3), and the due process claims against Adams and Henley in the supplemental complaint (ECF No. 28).

Finally, the August 15, 2023 order required the Attorney General's Office to file a notice indicating whether it would accept service for Adams and Henley within 14 days of being served with the supplemental complaint. (ECF No. 26 at 3.) The supplemental complaint was served on August 23, 2023, but to date the Attorney General's Office has not filed a notice indicating whether it will accept service for Adams and Henely. As such, the Attorney General's Office should be ordered to immediately file a notice indicating whether it will accept service for Adams and Henley, and if it cannot do so, to file their last known addresses under seal, but not serve them on the plaintiff.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.


Dated: September 25, 2023

_____
Craig S. Denney
United States Magistrate Judge

6