UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC D. MONTOYA,<br><br>                    Plaintiff,<br>v.<br>K. MATTICE-HARRIS, *et al.*,<br><br>                    Defendants. | Case No. 3:22-cv-00558-ART-CSD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 31) AND DENYING MOTION TO AMEND COMPLAINT (ECF NO. 29) |

*Pro se* Plaintiff Eric D. Montoya, an inmate in the Northern Nevada Correctional Center, brings this action under 42 U.S.C. § 1983 against Defendants K. Mattice-Harris, Borie, Hartman, Megan, Hughes, Long-Smith, Henley, and A. Adams, alleging (1) he was placed in administrative segregation for eight months without review, in violation of his Fourteenth Amendment due process rights; (2) his medical information was disclosed without his consent, in violation of his Fourteenth Amendment privacy rights; (3) he did not receive medical treatment following a seizure, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 31), recommending denial of Mr. Montoya's Motion to Amend Complaint (ECF No. 29) because the proposed complaint is incomplete on its face and amendment would be futile. Mr. Montoya had until October 9, 2023 to file an objection to Judge Denney's R&R. (ECF No. 31 at 6.) To date, no objection has been filed. For this reason, and as explained below, the Court adopts the R&R and denies Mr. Montoya's Motion to Amend Complaint.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where

1  a party fails to object to a magistrate judge's recommendation, the Court is not
2  required to conduct "any review at all . . . of any issue that is not the subject of
3  an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v.*
4  *Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the
5  magistrate judges' findings and recommendations is required if, but *only* if, one
6  or both parties file objections to the findings and recommendations.") (emphasis
7  in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that
8  the Court "need only satisfy itself that there is no clear error on the face of the
9  record in order to accept the recommendation.").

10  Because there is no objection, the Court need not conduct de novo review
11  and is satisfied Judge Denney did not clearly err. Here, Judge Denney
12  recommends denial of Mr. Montoya's Motion because the proposed amended
13  complaint is incomplete on its face and because amendment would be futile in
14  light of the fact that Mr. Montoya seeks to add parties against whom he has failed
15  to state a colorable claim.

16  Once a Plaintiff has missed the 21-day window for amending his
17  complaint, as Mr. Montoya has here, he may generally only amend his complaint
18  with the Court's permission. Fed. R. Civ. P. § 15(a). However, the Court will not
19  give leave to amend where amendment: "(1) prejudices the opposing party; (2) is
20  sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."
21  *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir.
22  2006) (citation omitted).

23  Judge Denney found that Mr. Montoya's proposed amended complaint was
24  incomplete on its face because it only brought claims against three new
25  defendants—Dzurenda, Whitmer, and Childress-Brietenbach—and failed to
26  reallege most of the facts, claims, and defendants in Mr. Montoya's original
27  complaint. (ECF No. 31 at 3.)
28

1    Further, Judge Denney found that, even if the claim were complete on its face, amendment would be futile since Mr. Montoya fails to allege facts sufficient to sustain claims against the three proposed new defendants. (*Id.* at 5.) Specifically, the proposed amended complaint vaguely alleges that the proposed new defendants, Dzurenda, Whitmer, and Childress-Brietenbach, were "aware" of Mr. Montoya's ad-seg status but does not meaningfully describe or support that awareness. (*See* ECF No. 29 at 3-9.) This is not enough to establish liability under 42 U.S.C. § 1983.

Having reviewed the R&R and the record in this case, the Court is satisfied that Judge Denney did not clearly err and adopts the R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 31) is accepted and adopted in full.

It is further ordered that Mr. Montoya's Motion to Amend Complaint (ECF No. 29) is denied.

Dated this 20th Day of December 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3